Kevin **RAYZOR**, et al., Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**Civil No. 93–2450(SEC).**

United States District Court,
D. Puerto Rico.

July 24, 1996.

Andrés Guillemard–Noble, Nachman, Santiago, Bray, Guillemard & Carrión, Santurce, PR, José R. Roselló–Camacho, Manati, PR, for Plaintiffs.

Jacqueline D. Novas–Debien, U.S. Attorney's Office, District of P.R., Hato Rey, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Currently before the Court is defendant's Motion for Summary Judgment (**Docket No. 5**). Upon careful analysis of the facts of this case and the applicable law, defendant's Motion for Summary Judgment is **GRANTED**.

**Factual Background**

Mr. Kevin Rayzor, an officer of the United States Navy, was stationed with his wife, Bobbi Rayzor, and their two year old daughter in the Roosevelt Roads Naval Base located at Ceiba, Puerto Rico. Upon arrival at the Naval Base, plaintiffs were instructed to hire babysitters exclusively from the Child Care Program operated by defendant. According to these directives, they were not to employ any babysitter from the lists of the American Red Cross. On September 13, 1990, plaintiff engaged the services of a babysitter, SH, to take care of their child. Mr. and Mrs. Rayzor obtained the name of the babysitter from the lists offered by the Red Cross to families who were interested in babysitting services. On September 15, 1990, plaintiff Bobbi Rayzor learned that her daughter had been physically and sexually abused by the babysitter the previous day.

Plaintiffs in the instant case have sued the United States Government, pursuant to the Federal Tort Claims Act and the Military Claims Act, for damages resulting from the sexual abuse of their child. Plaintiffs allege that the United States was negligent in certifying the babysitter as a child care provider. Furthermore, they claim that the Government infringed their first amendment rights by threatening them to keep quiet about the abuse.

Defendant, hereinafter referred to as "the Navy" or "the Government", denies plaintiffs' allegations, stating both in its summary judgment motion (Docket No. 5) and in its reply to plaintiff's opposition (Docket No. 13), that: (1) the babysitter was not a qualified "child care provider"; (2) the babysitter was not an employee of defendant; (3) the names of people who had passed the babysitting course were made available by the Red Cross; and (4) the name of the babysitter hired was taken from that list.

118

## Summary Judgment Standard

As noted by the First Circuit, summary judgment has a special niche in civil litigation. Its role is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st Cir.1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314–315 (1st Cir.1995).

According to Fed.R.Civ.P. 56(c), a summary judgment motion should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

For a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the nonmoving party. *U.S. v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992). *See also, Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir. 1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994).

Moreover, this Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (citing *Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines*, 42 F.3d at 684.

## Analysis

Plaintiffs' suit is brought under the aegis of the Federal Tort Claims Act (FTCA). 28 U.S.C. § 1346(b). However, the Court finds that plaintiff has failed to meet the FTCA jurisdictional requirements and therefore the claim should be dismissed. It is well settled law that the United States, as a sovereign, is immune from suit unless it consents to be sued under the terms and conditions set forth by law. *United States v. Kubrick*, 444 U.S. 111, 117–118, 100 S.Ct. 352, 356–358, 62 L.Ed.2d 259 (1979). Congress, through the FTCA, expressly waived sovereign immunity with respect to claims against the United States for injury to person or property under circumstances where the United States, if a private party, would be liable under local tort law. Moreover, compliance with the specifications under the FTCA is imperative in establishing a potential federal tort claim.[1]

Upon careful review of the parties' argument and the applicable law, the Court further concludes that the Red Cross employees and volunteers are not employees of the Federal Government. Furthermore, local law does not provide for a cause of action against defendant under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5141. Therefore, since plaintiffs fail to state a claim

---

1. The FTCA requires:
 (a) the negligent or wrongful act or omission to be committed by an employee of the Government while acting within the scope of his office or employment, and

(b) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

upon which relief may be granted, dismissal of their complaint is warranted.

**Applicable Law**

The FTCA grants federal district courts jurisdiction over federal tort claims for damages arising out of negligent acts committed by employees of the United States in performance of their governmental functions. Before going any further, we need to explore the threshold issue of whether the babysitter in this case was in fact an employee of the United States. If she was, then the Government may be held liable for her negligent actions; otherwise, defendant would have no responsibility for damages caused by the babysitter's actions. Plaintiffs advance two arguments regarding the babysitter's status as a government employee. First, they argue that the babysitter was trained by the Red Cross in a program sponsored by the Navy.

With regards to this claim, the core issue to be considered by the Court is the nature of the relationship between the Red Cross and the Navy. We must first determine the status of the Red Cross under a "federal agency" analysis to determine if there is liability pursuant to the FTCA. It is necessary to engage in this analysis because defendant would be liable for the acts of the babysitter if the evidence shows that she was working for a government entity, namely, the Red Cross.[2] The term "federal agency" includes the executive departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States. 28 U.S.C. § 2671. A party or an entity becomes an agency of the United States within the meaning of the FTCA, only if its "day-to day operations are supervised by the Federal Government." *United States v. Orleans*, 425 U.S. 807, 815, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). In the case before us, defendant did not maintain sufficient control over the daily operations of the Red Cross in order to subject such entity to liability.

According to the record, the Court finds that defendant had no day to day authority in the process of selecting, controlling and disciplining teenage babysitters that took a nine hour course with the Red Cross. It was the Red Cross which offered the babysitting course on the Roosevelt Roads Navy Base. It kept a list of the teenagers who completed the course requirements. The evidence shows that it was the Red Cross and not the Navy which provided parents with a list of the teenagers who had completed the babysitting course. Defendant did not know and had no reason to know about the babysitter's babysitting activities. It does not get involved in private babysitting arrangements that the Roosevelt Roads personnel may make for their children. In light of the evidence presented, the Court finds that the Red Cross was in charge of the functions, selection and availability process of its employees.

Furthermore, membership in the American National Red Cross is open to all the people of the United States, its territories, and dependencies. 36 U.S.C. § 4a. The vast majority of its workers are volunteers. Moreover, the Red Cross Board of Governors consists of fifty persons. 36 U.S.C. § 5. Only eight of the governors are appointed by the President of the United States; the remaining forty-two are selected by local Red Cross chapters and by the Board of Governors itself. 36 U.S.C. § 5. Thus, the daily affairs of the Red Cross are not controlled by the Government. Because the Government has not retained permanent authority to appoint the majority of the Red Cross governing board, the Red Cross is not a government actor. *Hall v. American National Red Cross*, 86 F.3d 919 (9th Cir.1996).

The Supreme Court of the United States has noted that the Red Cross employees are not employees of the United States. *Department of Employment v. United States*, 385 U.S. 355, 360, 87 S.Ct. 464, 467, 17 L.Ed.2d 414 (1966). Although in some circumstances, Red Cross employees may have to act in matters of relief and in accord with the mili-

---

**2.** The Red Cross is a non-profit private corporation created by the Act of Congress in 1905. It has the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States. 36 U.S.C. § 1 et al.

tary authorities, 10 U.S.C. § 711a, "employees of the American National Red Cross may not be considered as employees of the United States." 10 U.S.C. § 2602. Furthermore, in the Annual Report of the American National Red Cross Corporation for 1946, the Honorable Basil O'Connor, Chairman of the Red Cross, commented that ". . . the International Red Cross Committee has always maintained that the national societies, while cooperating closely and cordially with their own governments and with other agencies, should at the same time remain independent." Sturges, *The Legal Status of the Red Cross,* 56 Michigan Law Review 1, 12, n. 30.

Upon a careful analysis of the Red Cross in its own context, and after considering all of the factors which may convey a significant level of governmental control, the Court finds that defendant does not meet the standard of daily control over the activities of the Red Cross. As a result, in the context of this case, we find that the Red Cross is not a federal agency.

 Plaintiff further argues that the Navy was negligent in certifying the babysitter as a Child Care Provider. We must now establish if local law provides plaintiff with relief against these alleged actions by the Navy. The Court finds that plaintiff's noncompliance with the second requirement of the FTCA renders it without a cause of action against defendant. This condition requires that the United States, if a private party, would be liable under the law of the place where the tortious act occurred. 28 U.S.C. § 2674, 1346(b). A suit which does not comply with all of the jurisdictional components—even if plaintiff suffered severe and harrowing injuries—cannot obtain relief under the FTCA. *Attallah v. United States,* 955 F.2d 776, 781 (1st Cir.1992).

 Plaintiff essentially contends that the Navy knew or should have known that SH was not suitable for the appointment given to her as a Child Care Provider. This argument fails to persuade the Court. The evidence offered to the Court clearly establishes the fact that the babysitter was not in any way affiliated with the Child Care Program run by defendant. We arrive at this conclusion by carefully scrutinizing the uncontroverted evidence regarding the standard for the care and protection of children required by the Navy. The participants of this organization must abide by these procedural requirements in order to qualify as Child Care Providers.

Accordingly, these regulations establish that: (1) the provider must be at least eighteen years of age, (2) babysitting, babysitting co-ops or live in nannies are not sponsored, bonded or insured by the U.S. Government, and (3) the Child Development Center does not maintain a list of the babysitters nor does it provide babysitting lists.[3] The babysitter who sexually harassed plaintiff's two year old daughter was less than eighteen years of age. Her status as a minor would not allow her to be eligible for certification under the Child Care Provider Program run by the Navy at Roosevelt Roads. In light of this evidence, we conclude that the babysitter was not a care provider nor an employee of the Child Care Development Program.

 Assuming *arguendo,* that the Navy certified the babysitter, under local law the alleged negligent actions of defendant would provide plaintiff with a cause of action under article 1802 of the Civil Code of Puerto Rico. All damage, whether material or moral, gives rise to reparation if three requirements or elements are met: (1) proof of the reality of the damage suffered; (2) a causal relation between the damage and the action or omission of another person, and, (3) said act or omission is negligent or wrongful. *Hernandez v. Fournier,* 80 P.R.R. 93, 97 (1957), see also *Burke v. Compagnie Nationale Air France,* 699 F.Supp. 1016, 1019 (D.P.R.1988). Upon careful examination of the factors which constitute a cause of action under Article 1802, the Court finds that plaintiff's claim lacks the essential element of negligence. The evidence shows that defendant instructed plaintiffs not to hire any babysitter outside of the Child Care Provider

---

3. Plaintiff obtained the name of the babysitter from the lists provided by the Red Cross, not the Navy.

Program at Roosevelt Roads and/or from the lists of the American Red Cross. (Docket No. 9, Bobbi Rayzor's Unsworn Statements Under Penalty of Perjury, ¶ 2). This action by defendant indicates that it behaved responsibly and adequately conforming to the standard of conduct required by law. The duty to exercise reasonable care is a standard devised to protect the members of society from dangerous situations. Defendant's conduct is far from what has been characterized as negligent behavior. The Supreme Court of Puerto Rico has defined negligence as: "... the *failure* to exercise the prudence required in the social relations which, if exercised could have avoided an unlawful and unwanted result." *Ramos v. Carlo*, 85 P.R.R. 337, 343 (1962). We conclude that there was no breach of the duty of care by the Navy officials in Roosevelt Roads. They were diligent in instructing Mr. and Mrs. Rayzor not to hire any babysitter outside the Child Care Program or from the lists of the American Red Cross. Accordingly, no obligation to compensate arises from this claim.

Finally, plaintiffs allege that the Government infringed their first amendment rights by threatening them to keep quiet about the incident that gives rise to this suit. The Court cannot find any proof to verify this statement. With regards to the evidence presented by plaintiff, Mr. Rayzor has failed to identify or indicate who, if anyone, threatened him. In our opinion, a claim not supported by affirmative evidence does not present a genuine issue for trial. Unsupported allegations or denials are not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

The First Circuit has recently and repeatedly held that "neither conclusory allegation improbable inferences, and unsupported speculation, **nor brash conjecture coupled with earnest hope that something concrete will materialize** is sufficient to block summary judgment." *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245 (1st Cir.1996) (emphasis added); *see also Roche v. John Hancock Mutual Life Insurance Co.*, 81 F.3d 249 (1st

Cir.1996) ("genuineness and materiality are not infinitely elastic euphemisms that may be stretched to fit whatever perforations catch a litigant's fancy ... [m]otions for summary judgment must be decided on the record as it stands, not on a litigant's vision of what the facts might some day reveal ... speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion.")

We need not get into the merits of the claim pursuant to the Military Claims Act since plaintiff conceded that it has failed to comply with the requirements under said act. (Docket No. 8, Plaintiff's opposition to the United States Motion for Summary Judgment, ¶ 2).

**Conclusion**

The Court finds that plaintiff has failed to comply with the FTCA's jurisdictional requirements. Adherence to these two provisions is necessary in order to successfully establish a federal tort claim. The conditions to be observed include: (1) a tort claim for damages caused by United States employees acting within the scope of their employment; and (2) a local law remedy which could impose liability on the United States had it been a private party. 28 U.S.C. § 1346(b). In our opinion, the Red Cross, in the context of this case, is not a federal agency and therefore its employees are not government employees. Thus, the babysitter, who was working for the Red Cross, is not an employee of the United States and defendant cannot be held liable for her actions. In the alternative, had we found that SH was a government actor, no negligence has been found by the Court to warrant holding defendant liable. According to this finding, we conclude that local law does not provide plaintiff with a cause of action against defendant.

For the abovestated reasons, Defendant's Motion for Summary Judgment (Docket No. 5) is hereby **Granted.** Judgment dismissing the complaint in the instant case shall be entered accordingly.

We need not go further.

**SO ORDERED.**